IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABDUL-HAQQ H. SHABAZZ a/k/a<br>WILBUR JOHNSON,<br><br>               Petitioner,<br><br>     v.<br><br>SCOTT CERESINI, Warden, and<br>ATTORNEY GENERAL OF THE<br>STATE OF DELAWARE,<br><br>               Respondents. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 24-1391 (MN)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

Abdul-Haqq H. Shabazz – *Pro se* Petitioner.

Andrew J. Vella, Chief of Appeals, Delaware Department of Justice, Wilmington, DE – Attorney for Respondents.

September 29, 2025
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Petitioner Abdul-Haqq H. Shabazz is an inmate at the Sussex Correctional Institution in Georgetown, Delaware. On December 19, 2024, Petitioner filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (D.I. 1). Respondents filed a Motion for Leave to File Motion to Dismiss. (D.I. 8). The Court granted leave and the Motion to Dismiss was filed on May 8, 2025. (D.I. 9). In the Motion to Dismiss, Respondents assert that the Petition is time-barred. (D.I. 10). On September 19, 2025, Petitioner filed a Response to Motion to Dismiss.[1] (D.I. 15). For the reasons discussed below, the Court grants Respondents' Motion to Dismiss and dismisses the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

**I.      BACKGROUND**

After a jury trial of Petitioner and his co-defendants, Clarence Hooks, Robert Golson and Sterling Hobbs, Petitioner was convicted of murder in the first degree, robbery in the first degree, and conspiracy in the second degree. *See Hooks v. State*, 429 A.2d 1312, 1312 (Del. 1981); D.I. 11-1 at 1, 3, Entry No. 36. On April 27, 1976, Petitioner was sentenced to death for murder, and to prison terms for the other offenses. *See id.* at 1313; D.I. 11-1 at 4, Entry Nos. 40, 42, 44. In a certification proceeding involving multiple cases, the Delaware Supreme Court held that the mandatory death sentence imposed upon Petitioner was unconstitutional and that the appropriate punishment was life imprisonment without benefit of parole. *See id.* On direct appeal, the Delaware Supreme Court affirmed and stated that resentencing would be necessary in accordance

---

[1] The Response was signed by two individuals other than Petitioner, a paralegal and a person who claims to have a power of attorney over Petitioner's affairs. (D.I. 7; D.I. 15). As the Court is dismissing the Petition as untimely, it need not make a determination on the propriety of said filing, but notes that a power of attorney does not give a non-attorney the ability to represent another individual. *See, e.g.*, *Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (holding state-issued power of attorney does not permit agent to appear pro se on behalf of principal in federal litigation).

with the decision in the certification proceedings. *See Hooks v. State*, 416 A.2d 189, 193, 208 n.10. Petitioner was resentenced accordingly and the Delaware Supreme Court affirmed that judgment on May 8, 1981. *See Hooks*, 429 A.2d 1312. Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. (D.I. 1 at 3). Petitioner unsuccessfully applied for a pardon in 2004 and commutation of his sentence in 2010, but did not seek any other relief in state court. (D.I. 11-2 at 1, Entry Nos. 2, 4; D.I. 11-3 at 1, Entry Nos. 2, 3; D.I. 1 at 3).

On December 18, 2024,[2] Petitioner filed the instant Petition, in which, the best the Court can tell, he asserts the following claims for relief: (1) ineffective assistance of appellate counsel for failing to file opening brief after entering notice of appeal; (2) that Petitioner was not provided the transcript for his hearing to determine if he knowingly and intelligently waived his right to appellate counsel; (3) ineffective assistance of appellate counsel for failing to "pursue a properly filed appeal" by failing to "provide defendant notes of possible appealable issues;" and (4) the court erred in refusing to address if the defendant had a constitutional right to represent himself pro se on appeal thereby denying him effective assistance of counsel.[3] (D.I. 1 at 5-10).

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) prescribes a one-year limitations period for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

---

[2] The docket shows the Petition was filed on December 19, 2024; however, the Petition indicates that it was placed in the prison mailing system on December 18, 2024. The prison mailbox rule provides that the date on which a pro se prisoner delivers documents to prison authorities for mailing is considered the filing date. *See United States v. Brookins*, 132 F.4th 659, 663 n.2 (3d Cir. 2025) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

[3] Although Petitioner's claims suggest that appellate counsel was ineffective by failing to file a brief and that Petitioner waived his right to counsel, the case history indicates that Petitioner's direct appeals were decided on the merits and that Petitioner was represented by counsel during both appeals. *See Hooks*, 429 A.2d 1312; *Hooks*, 416 A.2d 189.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(2) (statutory tolling); *Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling). A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence. *Wallace v. Mahanoy*, 2 F.4th 133, 151 (3d Cir. 2021).

Petitioner does not assert, and the Court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Given these circumstances, the one-year period of limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A). Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day period allowed for seeking certiorari review. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Petitioner's resentencing on May 8, 1981 and he did not seek review by the United States Supreme Court. As a result, his judgment of conviction became final on August 6, 1981, when the ninety-day period to petition

3

for certiorari expired. At that time, AEDPA's one-year limitation period had not yet been enacted. In cases where final judgment was entered before AEDPA was adopted, the limitations period begins on AEDPA's effective date of April 24, 1996, and absent tolling, expires on April 24, 1997. *See Wilson v. Beard*, 426 F.3d 653, 662 (3d Cir. 2005); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). Petitioner, however, did not file the instant Petition until December 18, 2024, more than twenty-seven years after the April 24, 1997 deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled, or Petitioner makes a gateway showing of actual innocence. The Court will discuss each of those possibilities.

## A. Statutory Tolling

Under § 2244(d)(2), a properly filed state postconviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any postconviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See* 28 U.S.C. § 2244(d)(2); *Swartz v. Meyers*, 204 F.3d 417, 420–24 (3d Cir. 2000); *see also Smith v. Warden Baylor Womens Corr. Inst.*, No. 21-1880, 2024 WL 80897, at *4–5 (3d Cir. 2024) (state postconviction motion filed after AEDPA limitations period has expired does not toll or revive limitations period). The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state postconviction motion. *See Stokes v. Dist. Att'y of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

In this case, Petitioner's judgment became final in 1981, prior to the enactment of AEDPA's limitations period. Therefore, Petitioner's limitations period started to run on AEDPA's effective date, April 24, 1996. Petitioner did not have any pending state court proceedings at that time, nor did he file any during the course of the next year. Therefore, there is no available statutory tolling and AEDPA's limitations period ran continuously until it expired on

April 25, 1997, more than twenty-seven years before Petitioner filed his Petition on December 18, 2024. Accordingly, the Petition is time-barred, unless equitable tolling applies or Petitioner establishes a gateway claim of actual innocence.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *See Martin v. Adm'r N.J. State Prison*, 23 F.4th 261, 272–73 (3d Cir. 2022) (citing *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). To satisfy the diligence prong, a petitioner must demonstrate he has been pursuing his rights with reasonable diligence, a fact-specific inquiry that depends on the petitioner's circumstances. *See Martin*, 23 F.4th at 273. The obligation to act diligently pertains not only to the filing of the federal habeas petition, but also while exhausting state court remedies. *See LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross v. Varano*, 712 F.3d 784, 799–800 (3d Cir. 2013). Additionally, a garden variety of excusable neglect does not warrant equitable tolling. *See Holland*, 560 U.S. at 650–51.

As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will warrant equitable tolling only if there is "a causal connection, or nexus, between the extraordinary circumstances [the petitioner] faced and the petitioner's failure to file a timely federal petition." *See Ross*, 712 F.3d at 803.

Petitioner does not explicitly assert, nor does the Court discern, that he has been diligently pursing his rights or that any extraordinary circumstances exist that prevented him from timely filing his Petition. In the "Timeliness of Petition" section of his Petition, Petitioner states that his appellate counsel entered an appeal but never filed briefs and never provided transcripts even though they were requested. (D.I. 1 at 13). Petitioner also states that he was frequently transferred out of state. To the extent that these statements are an attempt to claim extraordinary circumstances that prevented Petitioner from timely filing his Petition, they do not excuse a delay of over twenty-seven years.

In his Response to the Motion to Dismiss, Petitioner also indicates that he is blind and has been denied access to the prison law library, and unable to secure assistance from those employed in the law library.[4] (D.I. 15 at 1). These claims are unsubstantiated, and nevertheless insufficient to excuse a delay of over twenty-seven years. Additionally, Petitioner states he been blind since 2007 – approximately twenty-six years after his judgment became final and ten years after his AEDPA limitations period expired. (D.I. 5). Petitioner does not provide any information to explain his failure to diligently purse his rights during that time. Finally, to the extent Petitioner's failure to timely file his Petition resulted from a lack of legal knowledge, such circumstances do not warrant equitably tolling the limitations period. *See Ross*, 712 F.3d at 799-800.

Thus, the Court concludes that that the doctrine of equitable tolling is not available to Petitioner on the facts he has presented.

---

[4] The Response also appears to allege violations of the American with Disabilities Act and seek assessment of Petitioner's medical conditions. Requests for relief challenging state administrative or healthcare procedures or conditions related to confinement are not properly brought in a 28 U.S.C. § 2254 habeas proceeding, but rather, they must be brought in an action under 42 U.S.C. § 1983. *See Hartmann v. May*, C.A. No. 20-33 (MN), 2021 WL 4207207, at *2 (D. Del. Sept. 16, 2021) (citing *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).

### C. Actual Innocence

Finally, a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin*, 569 U.S. at 392; *Wallace*, 2 F.4th at 150–151. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To satisfy this extraordinary exception, "a petitioner must (1) present new, reliable evidence of his innocence; and (2) show by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted him (*i.e.,* a reasonable juror would have reasonable doubt about his guilt) in light of the new evidence." *Wallace*, 2 F.4th at 151. "The standard does not require absolute certainty of guilt or innocence, but it is demanding and will be satisfied only in rare and extraordinary cases where the evidence of innocence is so strong that it undermines confidence in the trial's outcome." *Id.*

The actual innocence exception is inapplicable here – Petitioner does not allege that he is actually innocent.

### III. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the Petition is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

7

## IV.    CONCLUSION

For the reasons discussed above, the Court grants Respondents' Motion to Dismiss, dismisses the instant Petition, and denies the relief requested therein without issuing a certificate of appealability.  The Court will issue an Order consistent with this Memorandum Opinion